Kenneth F. BICKEL and Lorraine A. Bickel, Respondents,

v.

Larry D. OSTENSON and Nancy Ostenson, Respondents,

Donald O. Ostenson, et al., Defendants,

Vern Carlson, Appellant.

No. C6–83–79.

Supreme Court of Minnesota.

Jan. 6, 1984.

Gunhus, Grinnell & Jeffries, Moorhead, for appellant.

Irvine, Ramstad, Quam & Briggs, P.A., Peter M. Irvine, Perham, for respondents Kenneth and Lorraine Bickel.

William A. Schlossman, Jr., Fargo, N.D., for respondents, Larry, Nancy and Donald Ostenson.

PETERSON, Justice.

The defendant Vern Carlson appeals from the order of the Otter Tail County District Court denying his motion to vacate a default judgment entered against him.

In March 1978, the defendants Ostenson listed their resort property for sale with the defendant Realty Sales of Walker. The defendant Vern Carlson was employed by Realty Sales as a sales agent and maintained his office in Detroit Lakes. On June 7, 1978, the plaintiffs Kenneth and Lorraine Bickel, as purchasers, entered into a contract for deed with the Ostensons for the sale of the resort property. A dispute arose and this action for the cancellation of the contract was commenced by the plaintiff against all principals involved in the sale.

The defendant Carlson was served with the summons and complaint on April 4, 1979. At that time, he declined a request to also accept service on behalf of his employer Realty Sales. Carlson transmitted the documents to Realty Sales and later claimed a reliance upon conversations with personnel in the main office which led him to conclude that no action was required by him and the matter would be handled by the employer or its insurer. Realty Sales was never properly served by the plaintiffs.

On May 7, 1981, the plaintiffs served the defendants Ostenson with written notice of a hearing of their motion for the entry of a default judgment against Carlson and Realty Sales. No notice of the hearing was provided to either Carlson or Realty Sales.

By its order of August 27, 1981, the district court directed the entry of a default

judgment in favor of the plaintiffs in the amount of $40,000 against the defendants Carlson and Realty Sales. Judgment was entered on September 22, 1981, and a copy was mailed to Carlson at his last known address. Carlson had moved during the pendency of the action and later claimed to have never received notice. The record indicates that the notice was returned undelivered.

Carlson apparently first learned of the existence of the judgment during an informal conversation with his former employer Realty Sales in late 1982 after the plaintiffs had begun collection efforts in September 1982. On November 23, 1982, the defendants Carlson and Realty, represented by the same counsel, moved the court pursuant to Minn.R.Civ.P. 60.02 to vacate the default judgment. The district court granted the motion of Realty Sales and denied that of Carlson.

The sole issue presented is whether the district court abused its discretion in denying Carlson's motion to set aside the default judgment. We hold that it did.

In its memorandum decision, the trial court indicated that it granted Realty Sales' motion upon the basis that it had never been properly served with the summons and complaint. The court restricted its consideration of Carlson's motion to Minn.R.Civ.P. 60.02(1) and concluded that it was not timely filed.

The unique facts presented lead to our conclusion that the district court should have broadened its consideration of Carlson's motion to include the criterion contained in Minn.R.Civ.P. 60.02(6) to determine whether there existed sufficient reasons "justifying relief from the operation of the judgment." Had the trial court done so, Carlson would not have been required to move the court for relief during the 1-year limitation set forth in Minn.R.Civ.P. 60.02(1) and his motion would have been timely.

While Carlson's conduct in referring the matter to his employer rather than dealing with it personally, in failing to monitor the progress of the litigation and in failing to provide a current mailing address might certainly be characterized as "mistake, inadvertence, surprise or excusable neglect," it also is indicative of the more broad category of reasons justifying relief.

In furtherance of the goal of attempting to bring about a judicial resolution of a claim on the merits rather than upon procedural technicalities, the decision of the district court is reversed. Carlson's claims that no action was taken in execution of the judgment for more than 1 year after it was entered and that his proposed answer contained a meritorious defense are persuasive. Moreover, because this action with regard to the remaining defendants has not been tried, there appears no prejudice to the parties by operation of this decision. Finally, it is difficult to separate the merits of Carlson's defense from that of the corporate defendant, his employer, the latter of which prompted the district court to vacate the default judgment.

Reversed and remanded.